## DAVID BROWN *versus* MOSES WITHAM & *als.*

To render the doings of a town meeting legal, it should appear that attested copies of the warrant for the meeting were posted in public and conspicuous places, and that the places of posting were *within* the town.

THIS was an action of TRESPASS *quare clausum*, submitted on report. It was admitted that the defendants entered upon and crossed the land described in plaintiff's writ, claiming that a private way had been laid out by the town.

*Vinton*, for the plaintiff.

*Howard & Strout*, for the defendants.

The case is sufficiently stated in the opinion of the Court, which was drawn up by

RICE, J. — The question whether the defendants are liable,

in this action, depends upon the legality of the proceedings to lay out a private way over the land of the plaintiff on the petition of the defendants. There are several objections to those proceedings relied upon. The first is, that the meeting of the town at which the way was accepted was not legally warned.

Sect. 7, of c. 3, R. S., provides that such meeting shall be notified by the person to whom the warrant is directed, by his posting up an attested copy thereof in some public and conspicuous place in said town, seven days before the meeting; unless the town has appointed by vote, in legal meeting, a different mode, which any town may do. In either case, the person who notifies the meeting shall make his return on the warrant, stating the manner of notice, and the time it was given.

The return on the warrant is as follows : —

"New Gloucester, June 22, 1858.

"Pursuant to the within warrant, to me directed, I have notified the inhabitants of said town of New Gloucester, qualified as therein expressed, to assemble at the time and place, and for the purposes therein mentioned, by posting up an attested copy of such warrant at the Congregationalist, Baptist, and Universalist meeting houses; and at Sabbath day pond, and at the school house over the hill, on the 22d day of June, being seven days before said meeting.

"E. S. White, Constable of New Gloucester."

It does not appear from the return, or in any other manner, that attested copies of the warrant were posted in *public* or *conspicuous* places, or that the meeting houses named in the return, or the pond, or the "school house over the hill," or either of them, were within the town of New Gloucester, nor has the Court judicial knowledge that such is the fact. The notice, therefore, was clearly insufficient and the proceedings of the meeting void. *State* v. *Williams*, 25 Maine, 261; *Bearce* v. *Fossett*, 34 Maine, 575.

The defendants, therefore, fail in their justification on this point, and, according to the provision of the report, must be

defaulted for nominal damages. It is not necessary to consider the other objections. *Defendants defaulted.*

TENNEY, C. J., APPLETON, GOODENOW, DAVIS and WALTON, JJ., concurred.